UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :         **MEMORANDUM**
v.                                  :         **OPINION AND ORDER**
                                    :
RICKY PATRICK HESTER,               :         14 CR 420 (VB)
                    Defendant.      :
--------------------------------------------------------------x

Briccetti, J.:

On June 23, 2015, a jury convicted defendant Ricky Patrick Hester, a former cadet at the United States Military Academy at West Point, of one count of receiving or distributing child pornography, in violation of 18 U.S.C. § 2252(A)(2)(B), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(A)(5)(B).

Before the Court is defendant's motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. (Doc. #60).

For the following reasons, the motion is DENIED.

Defendant contends the evidence admitted at trial—which included over one thousand images or videos of child pornography—was insufficient to convict him of either count because (i) the government failed to present evidence negating the possibility that defendant's West Point roommate, rather than defendant, used defendant's cell phone to receive, distribute, and store child pornography; and (ii) the government failed to present evidence that defendant had the technological sophistication to use his cell phone to receive, distribute, and store child pornography in the manner alleged by the government. Defendant also appears to argue his conviction for possessing child pornography must be overturned on double jeopardy grounds because possessing child pornography is a lesser-included offense of receiving or distributing

1

child pornography.[1]  See generally Rutledge v. United States, 517 U.S. 292, 297 (1996) (two statutes define the "same offense" for double jeopardy purposes when one offense is a lesser-included offense of the other).

Defendant's contentions are without merit.

With respect to the government's alleged failure to negate the possibility defendant's roommate used defendant's cell phone to receive, distribute, and store child pornography, the government's burden at trial is to prove guilt beyond a reasonable doubt; it "need not disprove every possible hypothesis of innocence."  United States v. Abelis, 146 F.3d 73, 80 (2d Cir. 1998) (internal quotation marks omitted).

In any event, viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences in its favor, there was more than enough evidence for a rational jury to find beyond a reasonable doubt that defendant—not his roommate—received, distributed, and possessed child pornography.  See United States v. Coté, 544 F.3d 88, 98 (2d Cir. 2008).

Defendant posits his roommate could have used his cell phone to receive, distribute, and store child pornography because his roommate had access to the phone, which federal agents found in a bag under defendant's desk while executing a search warrant in his dorm room. But Special Agent Kelley McManus of the United States Department of Homeland Security, Homeland Security Investigations, testified that defendant confessed to her during an interview that occurred while other agents executed the warrant.  Agent McManus testified that defendant admitted to using his Yahoo email account and Dropbox account to share child pornography, and that "he kept most of his child pornography on his phone," which he used to access and

---

[1]  In his reply, defendant "note[d]" that the government's failure to distinguish the child pornography possessed by defendant from the child pornography he received or distributed "may well" raise a double jeopardy problem.  (Reply at 5 n.1).

download files from those accounts. (Tr. 324).[2] Agent McManus also testified that defendant said "nobody else" used his Yahoo account or even knew the password. (Id. at 322). It is "uncontroversial" that "confessions are powerful evidence" of guilt. Premo v. Moore, 562 U.S. 115, 130 (2011). Indeed, a defendant's confession "is like no other evidence," and "is probably the most probative and damaging evidence that can be admitted against him." Arizona v. Fulminante, 499 U.S. 279, 296 (1991) (internal quotation marks omitted).

Moreover, the Court admitted into evidence several emails sent to or from defendant's Yahoo account—during periods when he was on leave from West Point—that attached, or included links to, child pornography. (Compare GX 106, 136-37, 152-68, 170-74, 176-83 (emails sent to or from defendant's account attaching, or including links to, child pornography) with GX 401 (showing periods when defendant was on leave)).[3] There is no evidence defendant's roommate had access to defendant's Yahoo account or cell phone during those time periods.

Accordingly, a rational jury could have concluded it was defendant, not his roommate, who received, distributed, and possessed the child pornography admitted as evidence at trial.

As for defendant's argument the government failed to prove he had the "sophisticated technological knowledge and skills" to commit the crimes (Def.'s Mem. at 1), no technological expertise is needed to send or receive emails attaching files, to share files on Dropbox, or to download files to a cell phone. In any event, as noted above, defendant confessed to using his Yahoo account, Dropbox account, and cell phone to send, receive, and store child pornography.

Defendant's double jeopardy claim also fails.

---

[2] "Tr." refers to the trial transcript.

[3] "GX__" refers to exhibits offered by the government and admitted into evidence at trial.

As an initial matter, defendant waived any double jeopardy claim by failing to raise the issue at trial.  See United States v. Irving, 554 F.3d 64, 77 (2d Cir. 2009).  Thus, for purposes of this motion, the claim is subject to plain error review.  See United States v. Riley, 90 F. Supp. 3d 176, 185 (S.D.N.Y. 2015).

But there was no double jeopardy error here, plain or otherwise.  There is no double jeopardy violation when convictions for receiving or distributing child pornography, on one hand, and possessing child pornography, on the other, are "based on different images."  United States v. Irving, 554 F.3d 64, 79 (2d Cir. 2009).  Here, the Court admitted into evidence over one thousand examples of child pornography from defendant's Yahoo account, Dropbox account, and cell phone.  The jury could have convicted defendant of distributing or receiving certain of those images or videos, but convicted him of possessing different images or videos.  See id.; United States v. Calhoun, 450 F. App'x 74, 76 (2d Cir. 2011) (summary order) (denying double jeopardy claim because "it would have been possible for [defendant] to have pleaded guilty to receipt with respect to certain of the items of child pornography at issue and to have pleaded guilty to possession with respect to other items").

Accordingly, defendant's motion for a judgment of acquittal is DENIED.

The Clerk is instructed to terminate the motion.  (Doc. #60).

Dated: November 30, 2015
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge